UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
THOMAS BOYD, et al.,               :
                                   :
                Plaintiffs,        :            ORDER
                                   :            05-CV-2455 (JFB)(CLP)
            – against –            :
                                   :
J.E. ROBERT CO., INC., et al.,     :
                                   :
                Defendants.        :
                                   :
----------------------------------X

JOSEPH F. BIANCO, District Judge:

On May 20, 2005, plaintiffs Thomas and Joan Grant Boyd, Randa Jones, Humberto Meneses, Sybil Taylor, and Tonya Warters, individually and on behalf of others similarly situated, commenced this action against defendants NYCTL 1996-1 Trust, NYCTL 1997-1 Trust, NYCTL 1997-2 Trust, NYCTL 1998-1 Trust, NYCTL 1999-1 Trust, J.E. Robert Company, Inc., and JER Revenue Services, LLC, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Truth in Lending Act, 15 U.S.C. §§ 1640, 1666d ("TILA"), TILA Regulation Z, 12 C.F.R. § 226.21, New York General Business Law § 349, and New York General Obligations Law § 5-501, *et seq.*, and claims for breach of contract and unjust enrichment.[1]

On April 14, 2007, defendants moved to dismiss plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). By Order dated March 20, 2008, Magistrate Judge Cheryl L. Pollak, to whom this matter had been referred for review, issued a Report and Recommendation

---

[1] On February 5, 2007, plaintiffs filed an Amended Complaint ("Am. Compl."), wherein they voluntarily dismissed claims against the 1997-2 Trust.

(the "R&R"), a copy of which is attached and incorporated herein, recommending that the Court grant in part and deny in part defendants' motion to dismiss the Amended Complaint. Specifically, Magistrate Judge Pollak recommended that the defendants' motions to dismiss be granted as to (1) the federal claims against the 1996-1, 1997-1, and 1999-1 Trusts, (2) the Boyds' TILA claims, (3) Taylor's FDCPA claim, (4) Warters's FDCPA claim, and (5) Taylor's state claims for overcharges of interest and deceptive and misleading practices, and denied on all remaining grounds. On April 3, 2008, defendants submitted separate objections to the R&R. On April 4, 2008, plaintiffs also submitted objections to the R&R. On April 17, 2008, defendants submitted an opposition to plaintiffs' objections. For the reasons stated below, with the exception of the recommended dismissal of plaintiff Taylor's Section 349 state law claim, the Court adopts the thorough and well-reasoned R&R in its entirety, but will allow plaintiffs to re-plead, as requested, to attempt to cure certain pleading defects that were identified in the R&R.

I. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). As to those portions of a report to which specific written objections are made, the Court reviews such findings *de novo*. *See* Fed. R. Civ. P. 72(b); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.

1997).

The Court has conducted a review of the full record, including, among other things, the complaint, the parties' respective submissions in connection with defendants' respective motions, as well as the R&R, the applicable law, and each parties' objections. Having reviewed *de novo* all portions of the R&R to which parties specifically object, and having reviewed the remainder of the R&R for clear error, the Court adopts the R&R with the exception of the recommended dismissal of Taylor's Section 349 claim.

## II. ANALYSIS

### A. Defendants' Objections

The Court has carefully considered all of defendants' objections to the R&R *de novo* and finds them to be without merit. Although the Court fully agrees with and incorporates the analysis and reasoning contained in the R&R, the Court will briefly address defendants' primary contentions below.

First, defendants object to the recommendation in the R&R that the Court reject their motion to dismiss the FDCPA and TILA claims on statute of limitations grounds. Specifically, defendants contend that the R&R erroneously concluded that the claims in the Amended Complaint are not time-barred because, pursuant to *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1974), the statute of limitations was tolled as of July 22, 2003 when the *Binson* class action lawsuit was filed. *See Binson v. J.E. Roberts Co., Inc.,* 03 CV 3562 (JG) (E.D.N.Y.). Defendants argue that *American Pipe* tolling should not apply because plaintiffs filed the instant action prior to the determination of the class certification issue in *Binson*.

The Court disagrees with defendants' contention and, consistent with the thorough analysis

3

of this issue by Magistrate Judge Pollak in the R&R, concludes that, based on the Second Circuit's decision in *In re: WorldCom Securities Litigation*, 496 F.3d 245 (2d Cir. 2007), *American Pipe* tolling applies to plaintiffs' claims in the instant case notwithstanding their failure to await determination of class certification in *Binson*. *See In re WorldCom Securities Litigation*, 496 F.3d at 256 ("We hold that because Appellants were members of a class asserted in a class action complaint, their limitations period was tolled under the doctrine of *American Pipe* until such time as they ceased to be members of the asserted class, notwithstanding that they also filed individual actions prior to the class certification decision."). In fact, defendants recognize that the *Worldcom* opinion is controlling on this issue and simply seek to preserve their rights for further appeal. *See* NYCTL Trust's Objections, at 3-4 ("The NYCTL Trusts, while acknowledging that the *Worldcom* opinion is controlling, disagree with this ruling, noting that it has created a split among the Circuits that must eventually be resolved by the United States Supreme Court. Accordingly, the NYCTL Trusts object to this portion of the Report and Recommendation to preserve its rights for further appeal.") (citations omitted); J.E.R. Defendants' Objections, at 2 (noting that other circuits disagree with Second Circuit). In short, this Court concludes that Magistrate Judge Pollak correctly applied binding Second Circuit precedent on this issue in rejecting defendants' arguments that *American Pipe* tolling should not apply.[2]

Defendants also object to the application of *American Pipe* to toll claims even though,

---

[2] Defendants also suggest that *WorldCom* is distinguishable from the instant case in that it involves a second class action complaint (rather than a subsequent lawsuit by individual plaintiffs) and, thus, should be governed by the Second Circuit's decision in *Korwek v. Hunt*, 827 F.2d 874 (2d Cir. 1987). The Court finds that argument similarly unpersuasive. Instead, the Court concurs with Magistrate Judge Pollak's detailed analysis that explains how the reasoning of *WorldCom* would clearly support the filing of a subsequent class action under the tolling of *American Pipe* where no final decision had been made on certification in the original class action. Therefore, that objection is also rejected.

4

according to defendants, neither the plaintiffs nor their claims fell within the scope of the class definition proposed in the *Binson* complaint. The Court disagrees. Although defendants want this Court to adopt the R&R's limitation of the benefits of *American Pipe* tolling only as to members of the putative original class in *Binson*, they argue that there was a lack of specificity in the substantive claims in the *Binson* action, such that they lacked notice of the substantive claims being brought against them. The *Binson* complaint clearly sought to recover for various "fees or charges which were in excess of those allowed by law and/or in their underlying loan documents." (*Binson* Complaint, ¶ 15(b).) Defendants argue that these allegations were too generic to place them on notice as to particular claims and allow such claims to be subject to *American Pipe* tolling. However, defendants overlook that, in additional to these general allegations, the *Binson* complaint also contained particulars regarding the various fees and charges. For example, the *Binson* complaint alleges, among other things, that defendants routinely and systematically charged delinquent taxpayers a debt cancellation fee which defendants were not authorized to charge under federal or state law or under the parties' agreements without listing the fee as a finance charge on the statement provided to plaintiffs as required by TILA. (*Binson* Compl. ¶ 44.) After reviewing the *Binson* complaint and the complaint in the instant case, the Court agrees with the Magistrate Judge's conclusion that (1) the claims in *Binson* were sufficiently specific to put defendants on notice as to the substance of the claims, and (2) the substantive claims in this case (except those which the Magistrate Judge correctly determined should be dismissed, discussed *infra*) were within the scope of the *Binson* complaint, including plaintiffs' effort to recover for "interest accrued on the overcharges" which, as Magistrate Judge Pollak correctly determined, is a "specific example and logical extension" of the *Binson* overcharge claims. (R&R, at 29.) Therefore, defendants' objection

on this ground is rejected.

Defendants also object to the recommendation in the R&R that the Court exercise supplemental jurisdiction over the breach of contract and unjust enrichment claims brought by plaintiffs Taylor and Warters, even though it was recommended that the federal claims be dismissed. As a threshold matter, although the Court is dismissing Taylor's and Warters' federal claims, the Court is providing them with leave to replead, as requested, to attempt to cure the pleading defects correctly identified in the R&R, discussed *infra,* and to provide a basis for their federal claims to fall within the class definition and be eligible for *American Pipe* tolling or to provide a basis for equitable tolling. In any event, the Court agrees with the R&R's conclusion that supplemental jurisdiction is warranted over these state law claims because the claims are closely intertwined with the state and federal claims asserted by the other plaintiffs in this lawsuit, and are alleged to arise out of a common nucleus of operative facts in terms of the conduct and practices of the defendants with respect to the fees and charges at issue. Similarly, although defendants argue that the state claims for breach of contract asserted by Taylor and Warters are insufficiently pled, the Court agrees with Magistrate Judge Pollak that the claims are sufficient to survive a motion to dismiss. To the extent that defendants believe that plaintiffs will not be able to rely upon any agreement to support their breach of contract claim, that can be addressed at summary judgment.

Finally, defendants also object to the portion of the R&R recommending that the claims against J.E. Robert based on an "alter ego" theory not be dismissed. The Court agrees with the well-reasoned analysis in the R&R by Magistrate Judge Pollak and concludes that plaintiffs have adequately alleged an "alter ego" claim to survive a motion to dismiss. As courts have noted, "[v]eil piercing determinations are fact-specific and are highly sensitive to 'the circumstances of

each case.'" *Time Square Const., Inc. v. Mason Tenders Dist. Council*, No. 07 Civ. 7250 (SAS), 2008 WL 55116, at *4 (S.D.N.Y. Jan. 2, 2008) (citing *Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir. 1988)). "The trier of fact must look at the totality of the evidence to decide if the presumption of corporate independence is outweighed by the policy to protect those who conduct business with the corporation." *City Nat'l Bank of Florida v. Morgan Stanley DW, Inc.*, No. 05-Civ-2739 (DLC) (JCF), 2007 WL 927428, at *4 (S.D.N.Y. Mar. 29, 2007) (citing *Wm. Passalacqua Builders v. Resnick Developers S.*, 933 F.2d 131, 139 (2d Cir. 1991)) (report and recommendation). Here, plaintiffs allege that JER and J.E. Roberts share common owners, as well as a common Board of Directors, officers, staff, offices, and assets and that "J.E. Robert used JER as an alter ego to conduct business" and "to engage in wrongdoing." (Compl. ¶¶ 136-40.) Although defendants argue that these allegations are too conclusory, the Court agrees with the R&R and concludes that the allegations are sufficient to survive a motion to dismiss.

In sum, after *de novo* review, the Court finds all of the defendants' objections to the R&R to be without merit.

  B. <u>Plaintiffs' Objections</u>

The Court has carefully considered all of plaintiffs' objections *de novo* and, for the reasons set forth in the R&R and as discussed below, finds them to be without merit, with the exception of the objection to the dismissal of plaintiff Taylor's Section 349 claim.

First, plaintiffs object to the R&R's conclusion that Sybil Taylor and Tonya Warters' FDCPA claims should be dismissed on statute of limitations grounds. The Court agrees with Magistrate Judge Pollak and finds that plaintiffs cannot apply *American Pipe* to FDCPA claims that did not exist at the time of the filing of the *Binson* action. Thus, to the extent both Taylor and

Warters assert that they made the allegedly "illegal" payment pursuant to defendants' demand *after* the *Binson* case was filed, those claims cannot benefit from tolling under *Anerican Pipe*. Although plaintiffs argue that they are unaware of any case which stands for the proposition that *American Pipe's* tolling rule only applies to protect prospective class members whose claims arise from events occurring before the institution of the prior class action, that reasoning is flawed. As discussed in *Worldcom*, the "*American Pipe* tolling doctrine was created to protect class members from being *forced* to file individual suits in order to preserve their claims," *Worldcom*, 496 F.3d 245, not, as plaintiffs' argue, to allow anyone injured at some indefinite point in the future to join the suit. In the instant case, Taylor and Warters did not have the standing to participate in the *Binson* class for any alleged injury that had yet to occur at the time of the filing of that class action. Therefore, they would not be forced to file an individual suit to preserve their claims because their claims had not yet arisen at that time. Instead, Taylor and Warters could have, at the time of the injury subsequent to the filing of the *Binson* lawsuit, joined the *Binson* action to include their then-timely claims into the class. Therefore, to the extent that Taylor and Warters base their FDCPA claims on injuries that occurred after the filing of the *Binson* complaint, they are not considered part of the *Binson* class and, therefore, not subject to *American Pipeline* tolling.

However, plaintiff Taylor argues that, even with this temporal limitation, Taylor can assert an FDCPA claim because, at the time of her husband's death in 1999, she became an owner of the home at 1152 Wheeler Avenue pursuant to her husband's will (even if she had not perfected title) and, as the beneficial owner, she was responsible for debts, such as the subject property liens, which ran with the land. Thus, plaintiff contends that her status as the beneficial owner allows her to recover under the FDCPA for timely claims that are encompassed within the *Binson* class definition.

8

Defendants object to this assertion because the Amended Complaint does not articulate exactly how she was the beneficial owner at the time the *Binson* action was commenced and defendants point to documentary evidence suggesting otherwise. Although it is not clear to the Court based upon the current Amended Complaint that plaintiff has a plausible claim of ownership of the subject property at the time of the *Binson* action, the Court will provide plaintiff with an opportunity to re-plead to more clearly articulate how and when she claims she became the beneficial owner of the property.

Similarly, plaintiff Warters contends that, even in the absence of tolling under *American Pipe,* she can still plead sufficient facts to support equitable tolling and, thus, assert a timely claim under the FDCPA. As a threshold matter, plaintiffs agree that the R&R correctly concluded that, because the 1996-1, 1997-1, and 1999-1 Trusts were not part of the *Binson* action, any claims alleged against them from the *Binson* action are untimely and should be dismissed. *See Arneil v. Ramsey*, 550 F.2d 774, 728 n.10 (2d Cir. 1977) (noting that "nothing in American Pipe suggests that the statute be suspended from running in favor of a person not named as a defendant in the class suit, and we decline so to extend the rule.") *overruled on other grounds, In re WorldCom Sec. Litig.,* 496 F.3d 245 (2d Cir. 2007). Nevertheless, plaintiff argues that her FDCPA claims were preserved under the equitable tolling doctrine. The Court agrees with the R&R's conclusion that the Amended Complaint does not plead sufficient grounds for equitable tolling. However, plaintiff Warters asserts that, in her opposition papers to the motion to dismiss, there are additional allegations demonstrating concealment by the 1997-1 Trust that warrant equitable tolling and, thus, plaintiff requests leave to amend the complaint to include these additional allegations of the self-concealing nature of the wrongful actions of the 1997-1 Trust. The Court will provide plaintiffs with this opportunity to

9

amend the complaint to attempt to correct the pleading defects identified by the Court.[3]

Finally, plaintiff Taylor objects to the R&R's dismissal of her state law claim for the interest on the overcharge under New York State Public Authorities Law, as well as the claim under Section 349 of New York's General Business Law, on the grounds that such claims are time-barred. With respect to the claim for interest, plaintiffs argue that the R&R should have applied the three-year statute of limitations under Rule 214(d) of the N.Y. Civil Practice Law & Rule ("CPLR") to the overpayment claim, rather than the one-year statute of limitations under Rule 215(6) of the CPLR. The Court disagrees with plaintiff's position. Plaintiff has failed to allege or articulate any basis for the application of Section 214(d). However, with respect to Taylor's Section 349 claim, the Court agrees with Taylor that certain of the alleged conduct which forms that basis for her claim – including the alleged demand for fees and expenses, as well as the collection of such fees and expenses – occurred in late 2003 and, thus, occurred within three years of May 20, 2005, which is the date on which this lawsuit was filed. Therefore, the Section 349 claim is within the applicable three-year statute of limitations and should not be dismissed on that ground. Although defendants also argue that plaintiffs have not sufficiently pled deception under Section 349, the Court disagrees and concludes that the Amended Complaint clearly alleges the acts upon which the claim is based and further alleges that such acts and practices were "materially deceptive and misleading." (Compl. ¶ 150.) These allegations are sufficient to survive a motion to dismiss. Defendants' arguments

---

[3] Plaintiff Warters also suggests that the R&R erroneously concluded that her allegation regarding the defendants' failure in 2004 to include interest when refunding the amount of the overcharge was time-barred. However, the Court disagrees. As defendants point out, plaintiff Warters has failed to cite any legal basis to support the contention that a claim for interest on an overpayment provides a separate cause of action or violation under the FDCPA for statute of limitations purposes. In other words, if the overcharge that constitutes the initial FDCPA violation is time-barred, then the failure to pay interest on the alleged overcharge is also time-barred.

regarding the lack of evidence to support an allegation of deception can be addressed in connection with any summary judgment motion that is made at the conclusion of discovery. Therefore, the Court does not adopt the recommendation in the R&R that Taylor's Section 349 claim be dismissed and, instead, denies the motion to dismiss that claim.

III. CONCLUSION

With the exception of plaintiff Taylor's Section 349 claim, the Court adopts the R&R in its entirety. Therefore, defendants' motion to dismiss is granted as to (1) the federal claims against the 1996-1, 1997-1, and 1999-1 Trusts, (2) the Boyds' TILA claims, (3) Sybil Taylor's FDCPA claim, (4) Tonya Warters' FDCPA claim, and (5) Sybil Taylor's state claim of overcharge of interest. The motions are denied in all other respects, including the motion to dismiss Taylor's Section 349 claim. As requested, plaintiffs shall be given leave to replead to attempt to cure the pleading defects identified by Magistrate Judge Pollak in the R&R. The schedule for the filing of the Second Amended Complaint, and any motions related thereto, shall be set by Magistrate Judge Pollak.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 24, 2008
Central Islip, New York