

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

STEPHEN KITZINGER
Phone: (212) 788-0849
Fax: (212) 788-8877
SKitzing@law.nyc.gov

February 3, 2010

**VIA ECF AND HAND DELIVERY**

Honorable Ramon E. Reyes
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re: <u>Boyd v. J.E. Robert Co., Inc., *et al.*</u>
      Case No. CV 05-2455 (KAM)(RER)

Dear Magistrate Judge Reyes:

    I am the Assistant Corporation Counsel assigned to represent the NYCTL Trusts in the above-referenced action in which plaintiffs allege that the defendants violated the Fair Debt Collection Practices Act and various New York state laws.  I write in response to Mark Kaufman's letter dated January 26, 2010, in which plaintiffs Warters and Taylor seek to supplement their arguments as to why their claims should not be dismissed as time-barred. Plaintiffs' arguments are without merit and defendant NYCTL Trusts' motion should be granted.

    Initially, the Trusts note that plaintiffs Warters and Taylor are improperly seeking to introduce "evidence" that goes beyond the four corners of the complaint.  A motion pursuant to Rule 12 is against the complaint itself (as drafted and presented by the plaintiffs) with all factual allegations set forth therein accepted as true for the purpose of the motion.  *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991).  As the Court is aware and as described below, plaintiffs have pleaded the allegations setting forth their claim no less than four separate times – in the form of a proposed amended complaint in *Binson v. J.E. Robert Co., Inc., et al.*, Case No. 03 CV 3562 (JG)(CLP), and in the Complaint, Amended Complaint, and Second Amended Complaint in this action.  Plaintiffs Taylor and Warters now appear to seek to once again amend the complaint (after the close of discovery) in an effort to introduce new allegations (which they were or should have been aware of long ago) to save their claims from dismissal.  Such belated

Honorable Ramon E. Reyes
Re:   Boyd v. J.E. Robert Co., Inc., *et al.*
        Case No. CV 05-2455 (KAM)(RER)
February 3, 2010
Page 2

and repeated attempts are inappropriate and should not be countenanced and the new arguments should be rejected.

**<u>Tanja Warters</u>**

   Ms. Warters has asserted, on at least six different occasions, that she "paid off the tax liens" that give rise to this action on or about May 19, 2004.  She first made this claim in the Proposed First Amended Complaint dated February 15, 2005, filed in connection with her motion to intervene in the case of *Binson v. J.E. Robert Co., Inc., et al.*, Case No. 03 CV 3562 (JG)(CLP).  Proposed First Amended Complaint, ¶ 152 (a copy of the relevant pages are attached hereto as Exhibit A).  She repeated this claim in the Complaint (¶ 116), the First Amended Complaint (¶ 120), and the Second Amended Complaint (¶ 127), filed on May 20, 2005, February 5. 2007, and November 12, 2008, respectively (copies of the relevant pages of each are attached hereto as Exhibit B – D, respectively), all filed in this action.  Most recently, on November 3, 2009, and again on November 9, 2009, plaintiff Warters, in Plaintiffs' Supplementary Response to JER's Interrogatory No. 7, As of November 3, 2009 (revised November 9, 2009) (a copy of which is attached hereto as Exhibit E), affirmatively stated that she satisfied the lien on May 19, 2004.  Based upon plaintiff Warters' allegation that she paid the lien in full on May 19, 2004, on April 13, 2007, defendant NYCTL Trusts moved to dismiss her claims.  In opposition, plaintiff Warters argued not that her claims were actually timely, only that the statute of limitations should be tolled pursuant to *American Pipe & Construction Co v. Utah*, 414 U.S. 538, 94 S. Ct. 756 (1974), and the doctrine of equitable tolling.  By order dated September 24, 2008 ("Order on Rule 12 Motion"), Judge Joseph Bianco, granted, among other things, defendants' motions to JER's motions to dismiss plaintiff Warters' FDCPA claim on the grounds that it was time-barred, but granted plaintiff Warters leave to replead facts in an effort to invoke the doctrine of equitable tolling.  *See* Order on Rule 12 Motion, p. 11.  Plaintiffs then filed a Second Amended Complaint (in which Warters again alleged that she paid off the tax liens on May 19, 2004) in which she attempted to plead facts sufficient to invoke the doctrine of equitable tolling.  Defendants again moved to dismiss, among other things, her FDCPA claims.

   Initially, plaintiff Warters misses the import of the date that she allegedly paid off the tax liens.  That date is irrelevant to the motion to dismiss.  Defendants NYCTL Trusts utilized that date because it has never been alleged that any demands were made of plaintiff Warters (or any other plaintiff) after their respective tax liens were paid in full.  *See* Defendants NYCTL 1996-1 Trust, NYCTL 1997-1 Trust, NYCTL 1998-1 Trust, and NYCTL 1999-1 Trust's Memorandum of Law in Support of Their Motion to Dismiss Certain Claims Set Forth in the Amended Complaint, p. 8; Defendants NYCTL 1996-1 Trust, NYCTL 1997-1 Trust, NYCTL 1998-1 Trust, and NYCTL 1999-1 Trust's Memorandum of Law in Support of Their Motion to Dismiss Certain Claims Set Forth in the Second Amended Complaint, p. 7.  In fact, the relevant date for her claim as she has framed it, would be the date that defendants demanded payment of monies not properly due and owing.  Nothing raised in Mr. Kaufman's letter dated January 26, 2010, changes the fact that to this date she has never alleged that defendants

Honorable Ramon E. Reyes
Re:    <u>Boyd v. J.E. Robert Co., Inc., et al.</u>
       Case No. CV 05-2455 (KAM)(RER)
February 3, 2010
Page 3


demanded anything of her within one year of the commencement of this action.  As such, her claims remain time-barred regardless of the date that she paid off the liens (if she is permitted to amend the complaint again at this late date).

       Plaintiff also appears to claim that defendant NYCTL Trusts violated 15 U.S.C. § 1692f(1) by collecting unauthorized attorneys' fees and costs.  15 U.S.C. § 1692f(1) prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Plaintiff Warters contests all attorneys fees that were assessed against her.  See Exhibit E; Exhibit B to Defendants J.E. Robert Co., Inc and JER Revenue Services, LLC Response to Plaintiffs' First Set of Interrogatories (a copy of which is attached hereto as Exhibit F).  Section 11-335 of the Administrative Code of the City of New York explicitly mandates that a "plaintiff in an action to foreclose a tax lien shall recover reasonable attorney's fees for maintaining such action."  Since plaintiff has made a blanket attack on the attorneys fees recovered, and not challenged its reasonableness, defendant NYCTL Trusts' motion to dismiss should be granted.  Moreover, as part and parcel of the settlement of the foreclosure action, plaintiff agreed to the amount of the attorneys' fee charged and can not now be allowed to collaterally attack it as unreasonable after receiving the benefit of the bargain.

       In addition to the foregoing, equity and the Federal Rules of Civil Procedure demand that plaintiff Warters not be permitted leave to reargue/replead this issue.  As set forth above, more than 16 months ago, Judge Bianco dismissed her claim because it was time-barred.  While Rule 54(b) does authorize a court to "revise" this order at any time prior to entry of a final judgment, Rule 60(c) requires that a motion for relief from an order, because newly discovered evidence would have altered the result, be made within one year after entry of the order.  Rule 60(b)(2) and (c)(2).  First, pursuant to Rule 60(c)(1), such a motion was required to have been made within one year of Judge Bianco's order.  <i>Hunter v. Citibank, N.A.</i>, 862 F. Supp. 902, 906 (E.D.N.Y. 1994) (defendant's motion for reconsideration of order denying motion for summary judgment made more than one year after entry of order denied as untimely) <i>aff'd</i> 60 F.3d 810 (2d Cir. 1995) <i>cert. denied</i> 516 U.S. 978 (1995).  This supplement, which was not even brought as a motion pursuant to Rule 60, was submitted more than one year after Judge Bianco granted defendants' motions dismissing Warters' FDCPA claims as time-barred.  Next, Warters not only did not exercise reasonable diligence in her "discovering" that the tax liens were only satisfied in July 2004,[1] she exercised no diligence.  This allegation concerns Warters' own actions (though she now claims that it was done through her agent).  Regardless as to who actually forwarded the funds to JER Revenue Services, LLC, plaintiff had actual or constructive knowledge of the

---

[1] Defendant NYCTL Trust neither admits nor denies that Warters satisfied the lien in July 2004.  Regardless of when the lien was satisfied, it is irrelevant as to the analysis of the Trusts' Rule 12 Motion.

Honorable Ramon E. Reyes
Re:    Boyd v. J.E. Robert Co., Inc., et al.
       Case No. CV 05-2455 (KAM)(RER)
February 3, 2010
Page 4

payment at the time it occurred and to now claim, over five years later, that she only learned of it is simply incredible.  Allowing Warters to resurrect her previously dismissed claim at this late date, is inequitable as the court and defendants have spent countless hours litigating the timeliness of her claim.  Moreover, plaintiff Warters transferred her interest in the property by a deed dated May 19, 2004, and, there is not even a suggestion that she took any further acts with regard to the property after that date (a copy of the deed by which this transfer was effected is attached hereto as Exhibit G).

Lastly, although at first blush it would appear that the law of the case doctrine would bar Warters' claim, that doctrine requires that the order have gone "unchallenged in a subsequent appeal when the opportunity to do so existed," and there was no such opportunity.[2]

## Sybil Taylor

Plaintiff Taylor's own testimony is clear that she fully believed that she was being charged inappropriate amounts *at the time she satisfied the lien.*  Because she was on notice of the charges and that something might be wrong about them, she was charged with the duty to exercise due diligence and can not now seek shelter under the doctrine of equitable tolling. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004)(*citing Irwin v. Department of Veteran's Affairs*, 498 U.S. 89, 96, 112 L. Ed. 2d 435, 111 S. Ct. 453 (1990)). This failure is fatal to her attempt to invoke the doctrine of equitable tolling.

Recognizing this failure, plaintiff appears to allege that any attempts by her to exercise due diligence would have been futile and her failure to do so should be excused.  This argument has no basis in law or in fact.  Plaintiff Taylor now contends that her FDCPA claims should be equitably tolled based upon the deposition testimony of Salvan Ross in which he testified that he was presently unable to completely explain each and every detail of every charge comprising the attorneys fees charged against the property owned by Ms. Taylor, including miscellaneous fees and expenses totaling $1,647.47.[3]  Simply put, this is yet another red herring. Because it appears that plaintiffs herein contend that *all fees and costs other than those*

---

[2] Similarly, Taylor's argument that the NYCTL Trusts' motion to dismiss the state law claims against the 1996-1 and 1999-1 Trusts on the grounds that there are no federal claims is barred by the doctrine of law of the case is without merit.

[3] Whether or not the witness was able to testify as to the services provided by counsel years before is irrelevant to *whether or not plaintiff exercised due diligence at the time the payment was demanded and tendered.*  As set forth more fully in defendant NYCTL Trusts' moving papers, plaintiff was required to exercise due diligence in an effort to identify any alleged wrongdoing, something that she clearly did not do.

Honorable Ramon E. Reyes
Re:     Boyd v. J.E. Robert Co., Inc., *et al.*
        Case No. CV 05-2455 (KAM)(RER)
February 3, 2010
Page 5


*specifically awarded pursuant to a judgment of foreclosure are illegal*, the explainability of any particular charge is irrelevant.  This inescapable conclusion is based upon plaintiffs' statement of damages that claims all attorneys' fees passed through to the plaintiffs, other than those awarded in a judgment of foreclosure against Ms. Taylor's property, were illegal.  *See* Exhibits E and F.

                In addition to the foregoing, to the extent that plaintiff Taylor asserts that the statute of limitations should be equitably tolled because the legitimacy and propriety of the charges was somehow concealed such that she would have no reason to suspect that there was any wrongdoing, that claim also has no merit.  At her deposition, she testified as follows:

> Q.     When did you first decide that there was something wrong with the transaction?
>
> MR. KAUFMAN:  Objection.
>
> A    I -- when I first thought something was wrong, honestly, when I saw the amount of money that was added to the lien amount, including late fees and attorney fees, that was my first time that I thought something was wrong.
>
> And I even looked at Mr. Striar [Taylor's attorney with regard to the satisfaction of the liens at issue], and I said I'm in a vulnerable time in my life, but one day I'm going to go over these figures, and I know I'm being overcharged.

Deposition of Sybil Taylor, November 5, 2009, p. 53, line 23 – p. 54, line 11 (a copy of which is attached hereto as Exhibit H).  Accordingly, plaintiff Taylor has not only not pled sufficient facts to invoke the doctrine of equitable tolling, she has admitted that she was on notice that she believed that "something was wrong" with the amounts charged in connection with the enforcement of the lien even prior to her payment of it.  As such, her claim is time-barred and not subject to any tolling.

Honorable Ramon E. Reyes
Re:   <u>Boyd v. J.E. Robert Co., Inc., *et al.*</u>
      Case No. CV 05-2455 (KAM)(RER)
February 3, 2010
Page 6


        For the foregoing reasons, defendants NYCTL Trusts respectfully request that the Court not consider plaintiffs' supplemental arguments in opposition to the Trusts' Motion to Dismiss the Second Amended Complaint.  In the alternative, in the event that the Court is inclined to consider plaintiffs' supplemental arguments, find that they are without merit and grant defendants NYCTL Trusts' Motion to Dismiss the Second Amended Complaint.


        Respectfully yours,

        <u>s/Stephen Kitzinger</u>
        Stephen Kitzinger
        Assistant Corporation Counsel


Attachments (Exhibits A – G)
cc:    Mark S. Kaufman (via ecf)
      Paul Grobman (via ecf)
      Curtis V. Trinko (via ecf)
      Jonathan D. Elliot (via ecf)

Paul Grobman  (PG 1876)
535 Fifth Avenue, 33rd Floor
New York, NY 10017
(212) 983-5880

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
- -

| | |
|---|---|
| ISAAC and MIRIAM BINSON, THOMAS and JOAN GRANT BOYD, RANDA JONES, HUMBERTO MENESES, SYBIL TAYLOR, and TONYA WARTERS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | Case No. 03 CV 3562 (JG; LP) |

Plaintiffs,

-- against --

J.E. ROBERT CO., INC; JER REVENUE SERVICES,
LLC; BOLAND & MOSKOWITZ, LLP; NYCTL 1996-1
TRUST; NYCTL 1997-1 TRUST; NYCTL 1997-2
TRUST; NYCTL 1998-1 TRUST; NYCTL 1999-1 TRUST

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
- -

:

**PROPOSED
FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

        Plaintiffs Isaac and Miriam Binson, Thomas and Joan Grant Boyd, Randa Jones,

Humberto Meneses, Sybil Taylor, and Tonya Warters, individually and on behalf of all others

similarly situated, by and through their attorneys The Law Offices of Mark S. Kaufman, Paul

Grobman and the Law Offices of Curtis V. Trinko, LLP, allege as follows:

### NATURE OF THE CASE

        1.   Plaintiffs bring this class action against Defendants under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"); the Truth In Lending Act("TILA"),

EXHIBIT A

151.    Neither JER, the 1998-1 Trust nor the 1997-1 Trust had a right to charge a

Debt Cancellation or Discontinuance Fee to release the liens on the Warters' property.

152.    On or about May 19, 2004, Warters paid off the Tax Liens held by the various

Trusts based on payoff figures provided by JER.

153.    The funds came from the proceeds of the sale of the home, which was

necessitated by the amount demanded by JER and the Trusts, and the pending foreclosure of

the property.

154.    In collecting the Debt Cancellation or Discontinuance Fees sought from

Warters, JER and the various Trusts violated §1692f of the FDCPA.

155.    In collecting the amount stated as "Legal Fees and Costs", JER and the various

Trusts violated §1692f of the FDCPA.

156.    JER and the various Trusts charged Warters $5,259.86 more than what was

actually owed on May 19, 2004.  In collecting more than the total amount owed, JER and the

various Trusts violated §1692f of the FDCPA.

157.    On September 10, 2004, JER and the Trusts purportedly mailed a refund

check to Warters for $5,259.86, representing the amount that Warters was overcharged.

158.    Upon information and belief, the amount refunded on the overcharge did not

include interest for the period in which the defendants retained the amount overcharged.


**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(Fair Debt Collection Practices Act, 15 U.S.C. § 1692g**
**against Boland & Moskowitz)**

159.    Plaintiffs repeat and reallege Paragraphs 1 through 158 of the Complaint

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS BOYD and JOAN GRANT BOYD, RANDA
JONES, HUMBERTO MENESES, SYBIL TAYLOR,
and TONYA WARTERS, ON BEHALF OF
THEMSELVES AND ALL OTHERS SIMILARLY
SITUATED,

        Plaintiffs,

    -- against --

J.E. ROBERT CO., INC; JER REVENUE SERVICES,
LLC; NYCTL 1996-1 TRUST; NYCTL 1997-1 TRUST;
NYCTL 1997-2 TRUST; NYCTL 1998-1 TRUST;
NYCTL 1999-1 TRUST

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.

**COMPLAINT**

Jury Trial Demanded

    Plaintiffs Thomas and Joan Grant Boyd, Randa Jones, Humberto Meneses, Sybil

Taylor, and Tonya Warters, individually and on behalf of all others similarly situated, by

and through their attorneys The Law Offices of Mark S. Kaufman, Paul Grobman and the

Law Offices of Curtis V. Trinko, LLP, allege as follows:

## NATURE OF THE CASE

    1.  Plaintiffs bring this class action against Defendants under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"); the Truth In Lending

Act("TILA"), 15 U.S.C. §§ 1640, and 1666d; TILA Regulation Z, 12 CFR 226.21; New

York General Business Law § 349; New York General Obligations Law §5-501 et. seq.;

and for breach of contract and unjust enrichment on behalf of themselves and all other

similarly situated persons who were injured by actions of the Defendants.

116. On or about May 19, 2004, Warters paid off the Tax Liens held by the various Trusts based on payoff figures provided by JER.

117. The funds came from the proceeds of the sale of the home, which was necessitated by the amount demanded by JER and the Trusts, and the pending foreclosure of the property.

118. In collecting the Debt Cancellation or Discontinuance Fees sought from Warters, JER and the various Trusts violated §1692f of the FDCPA.

119. In collecting the amount stated as "Legal Fees and Costs", JER and the various Trusts violated §1692f of the FDCPA.

120. JER and the various Trusts charged Warters $5,259.86 more than what was actually owed on May 19, 2004. In collecting more than the total amount owed, JER and the various Trusts violated §1692f of the FDCPA.

121. On September 10, 2004, JER and the Trusts purportedly mailed a refund check to Warters for $5,259.86, representing the amount that Warters was overcharged.

122. Upon information and belief, the amount refunded on the overcharge did not include interest for the period in which the defendants retained the amount overcharged.

## FIRST CLAIM FOR RELIEF
### (Fair Debt Collection Practices Act, 15 U.S.C. § §1692e and 1692f Against All Defendants)

123. Plaintiffs repeat and reallege Paragraphs 1 through 122 of the Complaint as if fully set forth herein.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

THOMAS BOYD and JOAN GRANT BOYD, RANDA      :
JONES, HUMBERTO MENESES, SYBIL TAYLOR,          Case No. 05-2455
and TONYA WARTERS, ON BEHALF OF                :   (JG/ CLP)
THEMSELVES AND ALL OTHERS SIMILARLY
SITUATED,                                       :   **AMENDED**
                                                    **COMPLAINT**
                    Plaintiffs,                 :
                                                    Jury Trial Demanded
        -- against --                           :

J.E. ROBERT CO., INC; JER REVENUE SERVICES,     :
LLC; NYCTL 1996-1 TRUST; NYCTL 1997-1 TRUST;
NYCTL 1998-1 TRUST; NYCTL 1999-1 TRUST          :

                    Defendants.                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

        Plaintiffs Thomas and Joan Grant Boyd, Randa Jones, Humberto Meneses, Sybil

Taylor, and Tonya Warters, individually and on behalf of all others similarly situated, by

and through their attorneys The Law Offices of Mark S. Kaufman, Paul Grobman and the

Law Offices of Curtis V. Trinko, LLP, allege as follows:

### NATURE OF THE CASE

        1.      Plaintiffs bring this class action against defendants under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"); the Truth In Lending

Act ("TILA"), 15 U.S.C. §§ 1640, and 1666d; TILA Regulation Z, 12 CFR 226.21; New

York General Business Law § 349; New York General Obligations Law §5-501 et. seq.;

and for breach of contract and unjust enrichment on behalf of themselves and all other

similarly situated persons who were injured by actions of the defendants.

117.    Upon information and belief, Warters was also charged Debt Cancellation or Discontinuance Fees by the 1997-1 Trust.

118.    Neither JER, nor any of these Trusts, had a right to charge a Debt Cancellation or Discontinuance Fee to release the liens on the Warters' property.

119.    Both JER and the Trusts concealed the fact that any such Debt Cancellation or Discontinuance Fee was not a legitimate charge to Warters' account. Warters did not learn of such concealment until later.

120.    On or about May 19, 2004, Warters paid off the Tax Liens held by the various Trusts based on payoff figures provided by JER.

121.    The funds came from the proceeds of the sale of the home, which was necessitated by the improper amount demanded by JER and the Trusts, and the pending foreclosure of the property.

122.    In collecting the Debt Cancellation or Discontinuance Fees sought from Warters, JER and the 1998-1 and 1997-1 Trusts violated §1692f of the FDCPA.

123.    Both JER and the Trusts also concealed the fact that the Debt Cancellation Fee was for purported legal services which had been performed at the time Warters was charged therefor. Warters did not learn of such concealment until later.

124.    In collecting the amount stated as "Legal Fees and Costs", JER and the 1998-1 and 1997-1 Trusts violated §1692f of the FDCPA.

125.     Both JER and the Trusts concealed the fact that they were statutorily prohibited from recovering many of these purported "Legal Fees and Costs".  Warters did not learn of such concealment until later.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| JOAN GRANT BOYD, RANDA JONES, HUMBERTO MENESES, SYBIL TAYLOR, and TONYA WARTERS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | : | Case No. 05-2455 (JG/ CLP) |
| Plaintiffs, | : | **SECOND AMENDED COMPLAINT** |
| -- against -- | : | Jury Trial Demanded |
| J.E. ROBERT CO., INC; JER REVENUE SERVICES, LLC; NYCTL 1996-1 TRUST; NYCTL 1997-1 TRUST; NYCTL 1998-1 TRUST; NYCTL 1999-1 TRUST | : |  |
| Defendants. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs Joan Grant Boyd, Randa Jones, Humberto Meneses, Sybil Taylor, and

Tonya Warters, individually and on behalf of all others similarly situated, by and through

their attorneys The Law Offices of Mark S. Kaufman, Paul Grobman and the Law Offices

of Curtis V. Trinko, LLP, allege as follows:

## NATURE OF THE CASE

1.      Plaintiffs bring this class action against defendants under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"); New York General

Business Law § 349; New York General Obligations Law §5-501 et. seq.; and for breach

of contract and unjust enrichment on behalf of themselves and all other similarly situated

persons who were injured by the actions of the defendants.

2.      As set forth below, defendants have engaged in misconduct in connection

with the servicing of residential tax liens that the City of New York assigned to the Trusts

120.    Thereafter, foreclosure actions were commenced against Warters' by the Trusts.

121.    In or about May 2004, Warters sought to pay off the 1997-1 and 1998-1 Tax Liens, and requested a Payoff Quote from JER giving the total amount necessary to pay off the liens.

122.    Thereafter, JER and the Trusts provided Payoff Quotes to Warters which purportedly showed the total amounts then due.

123.    Upon information and belief, the amount demanded by the 1998-1 Trust included a Debt Cancellation or Discontinuance Fee in the amount of $250.00.

124.    Upon information and belief, Warters was also charged Debt Cancellation or Discontinuance Fees by the 1997-1 Trust.

125.    Neither JER, nor any of these Trusts, had a right to charge a Debt Cancellation or Discontinuance Fee to release the liens on the Warters' property.

126.    Both JER and the Trusts concealed the fact that a Debt Cancellation or Discontinuance Fee was charged to Warters' account.  Warters did not learn of this wrongful concealment until later.

127.    On or about May 19, 2004, Warters paid off the Tax Liens held by the various Trusts based on payoff figures provided by JER.

128.    The funds came from the proceeds of the sale of the home, which was necessitated by the improper amount demanded by JER and the Trusts, and the pending foreclosure of the property.

129.    In collecting the Debt Cancellation or Discontinuance Fees sought from Warters, JER and the 1998-1 and 1997-1 Trusts violated §1692f of the FDCPA.

**Plaintiffs' Supplementary Response to JER's Interrogatory No. 7, As of November 3, 2009 (revised November 9, 2009**

| Plaintiff | Amount of Overpayment | Date Lien Paid | Date of Refund | Number of Days | Amount overpaid / 365 days x number of days x 9% interest | Amount of Improper Attorneys' Fees and Costs | Documents Providing Basis for Improper Attorneys' Fees Calculations* | Totals (based on all available information and documents, and subject to supplementation after further discovery): |
|---|---|---|---|---|---|---|---|---|
| Boyd | $ 663.85 | 4/23/2003 | 8/11/2003 | 110 | $ 18.01 | $ 2,331.90 | Ex. B to JER's responses to Plaintiff's interrogatories | $ 2,349.91 |
| Jones | $ 295.00 | 11/7/2002 | 4/9/2003 | 153 | $ 11.13 | $ 3,102.20 | JER2 241 | $ 3,113.33 |
| Meneses | $ 804.06 | 9/15/2002 | 12/13/2002 | 89 | $ 17.65 | $ 2,888.75 | JER2 213 | $ 2,906.40 |
| Taylor | $ 2,382.86 | 12/10/2003 | 3/26/2004 | 107 | $ 62.87 | $ 14,731.01 | JER2 404, JER2 1059, JER 2 1270, minus attorney's fees awarded after judgment rendered | $ 14,793.88 |
| Warters | $ 5,259.86 | 5/19/2004 | 9/10/2004 | 114 | $ 147.85 | $ 7,997.16 | Ex. B to JER's responses to Plaintiff's interrogatories | $ 8,145.01 |
| | | | | | | | | $ 31,308.52 |

\* Improper attorneys' fees are based on the following:  any and all amounts charged to the delinquent taxpayer in excess of any amounts of fees and costs
 awarded pursuant to a judgment in foreclosure.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| THOMAS BOYD, ET AL. | : | CIVIL ACTION NO. |
|---|---|---|
| Plaintiffs, | : | 1:05cv02455(JFB)(CLP) |
| | : | |
| | : | DEFENDANTS |
| v. | : | J.E.ROBERT CO., INC AND |
| | : | JER REVENUE SERVICES LLC |
| | : | RESPONSE TO PLAINTIFFS' |
| J.E. ROBERT CO., INC. ET AL. | : | FIRST SET OF |
| Defendants. | : | INTERROGATORIES |

The Defendants, J.E. Robert Co., Inc. and JER Revenue Services LLC hereby respond pursuant to the Rule 33 of the Federal Rules of Civil Procedure to the Plaintiffs' First Set of Interrogatories, as follows:

## <u>General Objections</u>

1.      Defendants object to the interrogatories below to the extent that they seek information protected by the attorney-client privilege and/or the work product doctrine.

2.      Defendants object to any definitions or instructions to the extent that they impose different or greater obligations than those imposed by the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure or the Local Rules of the Eastern District of New York and are otherwise unduly burdensome.

3.      Defendants object to the interrogatories below to the extent that they seek personal identifying information of individuals not a party to this litigation.

**Exhibit B**

| BBL: 4-12071-0001, 12839 Inwood Street | | |
|---|---|---|
| | | |
| **Amount** | **"Processed Date"** | **Description/ABA Code** |
| | | |
| $91.48 | 6/28/2003 | Miscellaneous E124 |
| $500.00 | 6/28/2003 | Title E130 |
| $870.69 | 6/28/2003 | Miscellaneous E124 |
| $3.00 | 6/28/2003 | Title E130 |
| $650.00 | 6/28/2003 | Publication T530 |
| $179.14 | 6/28/2003 | Miscellaneous E124 |
| $4.00 | 6/28/2003 | Miscellaneous E124 |
| $56.65 | 6/28/2003 | Miscellaneous E124 |
| $245.00 | 6/28/2003 | Service of Process E525 |
| $75.00 | 6/28/2003 | RJI E112 |
| $650.00 | 6/28/2003 | Publication T530 |
| $350.00 | 6/28/2003 | Extensionof Notice of Pendency T510 |
| $50.00 | 6/28/2003 | Judgment Granted T540 |
| $2,065.00 | 6/28/2003 | Advertising for Service T540 |
| $8.39 | 6/28/2003 | Advertising for Auction E535 |
| $172.40 | 6/28/2003 | Copies E101 |
| $397.62 | 6/28/2003 | Miscellaneous E124 |
| $107.81 | 6/28/2003 | Service of Process E525 |
| $35.00 | 6/28/2003 | Filing Fee E515 |
| $50.00 | 6/28/2003 | Auctioneer Computation E545 |
| $4.13 | 6/28/2003 | Service of Process E525 |
| $0.40 | 6/28/2003 | Copies E101 |
| $67.83 | 6/28/2003 | Service of Process E525 |
| $4.60 | 6/28/2003 | Copies E101 |
| $36.82 | 6/28/2003 | Travel E109 |
| $25.00 | 4/23/2004 | Lawyer Service E555 |
| $45.00 | 4/23/2004 | Motions Filed E605 |
| $163.20 | 4/23/2004 | Copies E101 |
| $25.00 | 8/24/2004 | Lawyer Service E555 |
| $29.00 | 8/24/2004 | Copies E101 |
| $35.00 | 8/24/2004 | Discontinuance E610 |
| $50.00 | 8/24/2004 | Auctioneer Computation E545 |
| $250.00 | 8/24/2004 | Guardian/Administrator Fee E550 |
| $700.00 | 8/24/2004 | Judgment Granted T540 |
| | | |
| $7,997.16 | | |
| | | |

**Exhibit B**

| BBL: 2-03739-0028, 1152 Wheeler Avenue | | |
|---|---|---|
| **Amount** | **"Processed Date"** | **Description/ABA Code** |
| | | |
| $10.80 | 6/28/2003 | Miscellaneous E124 |
| $13.60 | 6/28/2003 | Copies E101 |
| $500.00 | 6/28/2003 | Title E130 |
| $35.00 | 6/28/2003 | Lis Pendens E510 |
| $185.00 | 6/28/2003 | Index Number E505 |
| $65.00 | 6/28/2003 | Service Completed T520 |
| $25.93 | 6/28/2003 | Miscellaneous E124 |
| $60.12 | 6/28/2003 | Miscellaneous E124 |
| $700.00 | 6/28/2003 | Judgment Granted T540 |
| $340.00 | 6/28/2003 | Auction Held T560 |
| $0.80 | 10/1/2003 | Copies E101 |
| $25.00 | 10/1/2003 | Lawyer Service E555 |
| $1,043.50 | 12/18/2003 | Contested H500 |
| $7.80 | 1/28/2004 | Copies E101 |
| $35.00 | 1/28/2004 | Discontinuance E610 |
| $1,010.00 | 1/28/2004 | Service of Process E525 |
| $2,311.00 | 1/28/2004 | Contested H500 |
| $0.56 | 6/28/2003 | Miscellaneous E124 |
| $500.00 | 6/28/2003 | Title E130 |
| $471.94 | 6/28/2003 | Miscellaneous E124 |
| $34.50 | 6/28/2003 | Miscellaneous E124 |
| $344.81 | 6/28/2003 | Miscellaneous E124 |
| $3.25 | 6/28/2003 | Miscellaneous E124 |
| $635.00 | 6/28/2003 | Service Completed T520 |
| $350.00 | 6/28/2003 | Funds Received T580 |
| $511.00 | 6/28/2003 | Miscellaneous E124 |
| $25.33 | 6/28/2003 | Miscellaneous E124 |
| $50.00 | 6/28/2003 | Auctioneer Computation E545 |
| $159.52 | 6/28/2003 | Miscellaneous E124 |
| $2,308.86 | 6/28/2003 | Advertising for Service E530 |
| $500.00 | 6/28/2003 | Auctioneer Sale Fee E540 |
| $85.78 | 6/28/2003 | Service of Process E525 |
| $350.00 | 6/28/2003 | Successor Referee T515 |
| $21.80 | 6/28/2003 | Copies E101 |
| $0.60 | 6/28/2003 | Postage E108 |
| $2,150.00 | 6/28/2003 | Advertising for Auction E535 |
| $238.00 | 6/28/2003 | Contested H500 |
| $500.00 | 6/28/2003 | Title E130 |
| $18.40 | 6/28/2003 | Copies E101 |
| $35.00 | 6/28/2003 | Lis Pendens E510 |
| $185.00 | 6/28/2003 | Index Number E505 |
| $0.80 | 10/1/2003 | Copies E101 |
| $3.95 | 10/1/2003 | Postage E108 |
| $25.00 | 10/1/2003 | Lawyer Service E555 |
| $16.40 | 12/24/2003 | Copies E101 |
| $1,097.50 | 12/24/2003 | Contested H500 |
| $24.40 | 1/30/2004 | Copies E101 |

**Exhibit B**

| | | | |
|---|---|---|---|
| $35.00 | | 1/30/2004 | Discontinuance E610 |
| $45.00 | | 1/30/2004 | Motions Filed E605 |
| $95.00 | | 1/30/2004 | RJI |
| $1,255.00 | | 1/30/2004 | Service of Process E525 |
| $2,469.00 | | 1/30/2004 | Contested H500 |
| | | | |
| $20,914.95 | | | |
| | | | |
| | | | |
| | | | |

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2004060100146001001E4E63

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 5 |
|---|---|---|
| **Document ID: 2004060100146001** | Document Date: 05-19-2004 | Preparation Date: 06-01-2004 |
| Document Type: DEED | | |
| Document Page Count: 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| VERRAZANO CLOSING SERVICES LTD FOR | ASAF DROR, ESQ. |
| FIDELITY NATIONAL TITLE AS UNDERWRITER | 1 HOLLAND AVENUE, SUITE 101 |
| 1970 FLATBUSH AVE | FLORAL PARK, NY 11001 |
| BROOKLYN, NY 11234 | |
| 718-258-1245 | |
| VZ-65598-Q | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 12071 | 1 | Entire Lot | 128-39 INWOOD STREET |

**Property Type:** DWELLING ONLY - 1 FAMILY

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year _____ Reel ____ Page _____ *or* File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| TANYA WARTERS | MANSION HOMES, INC. |
| 128-39 INWOOD STREET | 147-20 HILLSIDE AVENUE |
| QUEENS, NY 11436 | JAMAICA, NY 11435 |

x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Recording Fee: $ | 52.00 |
| Taxable Mortgage Amount: | $ | 0.00 | Affidavit Fee: $ | 0.00 |
| Exemption: | | | NYC Real Property Transfer Tax Filing Fee: | |
| TAXES: County (Basic): | $ | 0.00 | $ | 50.00 |
| City (Additional): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| Spec (Additional): | $ | 0.00 | $ | 660.00 |

| TASF: | $ | 0.00 |
|---|---|---|
| MTA: | $ | 0.00 |
| NYCTA: | $ | 0.00 |
| Additional MRT: | $ | 0.00 |
| TOTAL: | $ | 0.00 |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**

Recorded/Filed        07-06-2004 16:39
City Register File No.(CRFN):
**2004000418189**

*Rochelle Patrice*

*City Register Official Signature*

NYC HPD Affidavit in Lieu of Registration Statement

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2004060100146001001C4CE3

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 5 |
|---|---|

| Document ID: 2004060100146001 | Document Date: 05-19-2004 | Preparation Date: 06-01-2004 |
|---|---|---|

Document Type: DEED

**PARTIES**

**GRANTOR/SELLER:**
KAREN LAVERNE BASILE
128-39 INWOOD STREET
QUEENS, NY 11436

**GRANTOR/SELLER:**
JAN SIMPSON
128-39 INWOOD STREET
QUEENS, NY 11436

**GRANTOR/SELLER:**
RICHARD WATERS
128-39 INWOOD STREET
QUEENS, NY 11436

**GRANTOR/SELLER:**
SARAH LATHAM, DECEASED
128-39 INWOOD STREET
QUEENS, NY 11436

Form 8002 (9/99) - 20M — Bargain and Sale Deed, with Covenants against Grantor's Acts—Individual or Corporation. (single sheet)

**CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT — THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.**

**THIS INDENTURE,** made the *19* day of *May*, 2004 and

**BETWEEN** TANYA WARTERS, *as to 50% interest and Karen Lavern Basile, Jan Simpson + Richard Warters as sole heirs at Law of Sarah Latham (deceased) as to their 50% interest Residing at 128-39 Inwood Street, Queens, N.Y. 11436*

party of the first part, and *MANSION HOMES, INC. 147-20 Hillside Ave Jamaica, NY 11435*

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of ten dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

See Schedule A attached

*Sec. 52 Blk 12071 Lot 1*

*Being and intended to be same premises conveyed to grantor by deed dated 9/29/81 recorded 10/13/81 in Reel 1373, Page 508*

*Said premises known as 128-39 Inwood Street. Queens, NY. 11436*

TOGETHER with all right, title and interest, if any, of the party of the first part, in and to any streets and roads abutting the above-described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

In Presence of:

| | |
|---|---|
| **Acknowledgement taken in New York State** | **Acknowledgement taken in New York State** |

State of New York, County of   Queens          , ss:

On the *19* day of *May* , in the year 200*4* before me, the undersigned, personally appeared Tanya Warters, Richard Warters, , *

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

*Jeannie Sheff*

JEANNIE SHEFF
Notary Public, State of New York
No. 4841469
Qualified in Nassau County
Commission Expires August 31, 20__

State of New York, County of          , ss:

On the      day of      , in the year      , before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

**Acknowledgement by Subscribing Witness taken in New York State**

State of New York, County of          , ss:

On the      day of      , in the year      , before me, the undersigned, personally appeared

the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who being by me duly sworn, did depose and say that  he/she/they  reside(s) in

that he/she/they know(s)

to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said
execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto.

**Acknowledgement taken outside New York State**

* State of *California*, County of *San Bedno*   , ss:
* (or insert District of Columbia, Territory, Possession or Foreign Country)

On the *12th* day of *MAY* , in the year *2004* before me, the undersigned, personally appeared *KAREN BAZILE* *JAN SIMPSON* personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the

(add the city or political subdivision and the state or country or other place the acknowledgement was taken).

GURPAL BAWA
COMM. #1335512
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires Jan. 15, 2006

*Gurpal Bawa*
NOTARY PUBLIC

Title No.: *VZ 65598Q*

TANYA WARTERS, RICHARD WARTERS,
KAREN LAVERNE BAZILE,
AND JAN SIMPSON

TO

OREAL HOMES INC.

| | |
|---|---|
| SECTION | 52 |
| BLOCK | 12071 |
| LOT | 1 |
| COUNTY OR TOWN | Queens |

**Distributed by**
**Chicago Title Insurance Company**

RETURN BY MAIL TO:

Asaf Dror, Esq.
1 Holland Ave. Suite 101
Floral Park NY 11001

Zip No.

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

Agents for

**Fidelity National Title Insurance Company
of New York**
Title No. VZ-65598-Q

SCHEDULE A

All that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point  on the Easterly side of Inwood Street, distant 100 feet Northerly from the corner formed by the intersection of the Easterly side of Inwood Street, 60 feet wide, and the Northerly side of 130th Avenue, 50 feet wide;

RUNNING THENCE  Easterly and parallel with the 130th Avenue, 95.01 feet;

THENCE Northerly and parallel with Inwood Street, 30.50 feet;

THENCE Westerly and parallel with 130th Avenue, 95.01 feet to the Easterly side of Inwood Street;

THENCE Southerly along the Easterly side of Inwood Street, 30.50 feet to the point or place of BEGINNING.

FOR CONVEYANCING ONLY

Together with all the right, title and interest of, in and to any streets and roads abutting the above described premises.

Our policies of title insurance include such buildings and improvements thereon which by law constitute real property, unless specifically expected therein.  Now is the time to determine whether we have examined all of the property easements you desire to be insured: of there are appurtenant easements to be insured, please request such insurance.  In some cases, our rate manual provides for an additional charge for such insurance.

FORM 26-088-74-A(4-93)                                    NYSLTA CERTIFICATE OF TITLE- SCHEDULE A

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2004060100146001001S80E2

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

**Document ID: 2004060100146001**   Document Date: 05-19-2004   Preparation Date: 06-01-2004
Document Type: DEED

---

**SUPPORTING DOCUMENTS SUBMITTED:**

|  | Page Count |
|---|---|
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 1 |
| SMOKE DETECTOR AFFIDAVIT | 1 |

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC
(Rev 11/2002)

**FOR CITY USE ONLY**
C1. County Code
C2. Date Deed Recorded — Month / Day / Year
C3. Book OR
C4. Page
C5. CRFN

## PROPERTY INFORMATION

**1. Property Location:** 128-39 Inwood Street — BOROUGH Queens — ZIP CODE 11436

**2. Buyer Name:** Mansion Qreal Homes, Inc.

**3. Tax Billing Address:** Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)

**4. Indicate the number of Assessment Roll parcels transferred on the deed:** 1 # of Parcels OR Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
6. Ownership Type is Condominium
7. New Construction on Vacant Land

**5. Deed Property Size:** 30.50 FRONT FEET x 95.01 DEPTH OR ____ ACRES

**8. Seller Name:**
Warters — Tanya
Warters — Richard
Bazile — Karen Laverne
Simpson — Jan

**9. Check the box below which most accurately describes the use of the property at the time of sale:**
A [X] One Family Residential
B [ ] 2 or 3 Family Residential
C [ ] Residential Vacant Land
D [ ] Non-Residential Vacant Land
E [ ] Commercial
F [ ] Apartment
G [ ] Entertainment / Amusement
H [ ] Community Service
I [ ] Industrial
J [ ] Public Service

## SALE INFORMATION

**10. Sale Contract Date:** 3 / 10 / 04

**11. Date of Sale / Transfer:** 5 / 19 / 04

**12. Full Sale Price:** 165,000

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

**13. Indicate the value of personal property included in the sale:** 0

**14. Check one or more of these conditions as applicable to transfer:**
A [ ] Sale Between Relatives or Former Relatives
B [ ] Sale Between Related Companies or Partners in Business
C [ ] One of the Buyers is also a Seller
D [ ] Buyer or Seller is Government Agency or Lending Institution
E [ ] Deed Type not Warranty or Bargain and Sale (Specify Below)
F [ ] Sale of Fractional or Less than Fee Interest (Specify Below)
G [ ] Significant Change in Property Between Taxable Status and Sale Dates
H [ ] Sale of Business is Included in Sale Price
I [ ] Other Unusual Factors Affecting Sale Price (Specify Below)
J [X] None

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class:** A2
**16. Total Assessed Value (of all parcels in transfer):** 9,274
**17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) ):** Queens Blk 12071 Lot 1

## CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER** — Mansion Homes Inc. — DATE 5/19/04
147-20 Hillside Ave
Jamaica N.Y. 11435

**BUYER'S ATTORNEY**
Dror — Asaf
718 347-6445

**SELLER** — Tanya Warters

Affidavit of Compliance with Smoke Detector Requirement for One and-Two Family Dwellings

# AFFIDAVIT OF COMPLIANCE
# WITH SMOKE DETECTOR REQUIREMENT
# FOR ONE- AND TWO-FAMILY DWELLINGS

**State of New York**        )
                             ) SS.:
**County of**  Queens )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

128-39 Inwood Street, Jamaica NY 11436
**Street Address**                                                                    **Unit/Apt.**

Queens        New York,        12071        1        (the "Premises");
**Borough**                              **Block**        **Lot**

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

Tanya Warters, Richard Warters,

| | |
|---|---|
| **Name of grantor (Type or Print)** | **Name of Grantee (Type or Print)** |
| **Signature of Grantor** | **Signature of Grantee** |

Sworn to before me                              Sworn to before me
this 19 date of May  2004          this 19 date of May  2004

Jeanne                                      Jeanne
JEANNIE SHEFF                              JEANNIE SHEFF
Notary Public, State of New York            Notary Public, State of New York
No. 4841465                                No. 4841465
Qualified in Nassau County                  Qualified in Nassau County
Commission Expires August 31, 2005          Commission Expires August 31, 2005

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

1

1

1   UNITED STATES DISTRICT COURT

2   EASTERN DISTRICT OF NEW YORK
    ----------------------------------------x
3   JOAN GRANT BOYD, RANDA JONES, HUMBERTO MENESES,
    SYBIL TAYLOR, and TONYA WARTERS, on behalf of
4   themselves and all others similarly situated,

5                   Plaintiffs,

6             -against-

7   J.E. ROBERT CO., INC.; JER REVENUE SERVICES,
    LLC; NYCTL 1996-1 TRUST, NYCTL 1997-1 TRUST,
8   NYCTL 1998-1 TRUST, NYCTL 1999-1 TRUST,

9                   Defendants.

10  CIVIL ACTION NO.: CV 05-2455 (KAM)(RER)
    ----------------------------------------x
11

12                    100 Church Street
                      New York, New York
13

14                    November 5, 2009
                      11:20 a.m.
15

16

17           DEPOSITION of SYBIL TAYLOR, one of

18  the Plaintiffs herein, pursuant to Notice,

19  before Ronald A. Marx, a Notary Public of the

20  State of New York.

21

22

23        ELLEN GRAUER COURT REPORTING CO. LLC
             126 East 56th Street, Fifth Floor
24              New York, New York 10022
                    212-750-6434
25                  REF: 91753

```
 1                    TAYLOR
 2              MR. ELLIOT:  Can we not have
 3         coaching?
 4              MR. GROBMAN:  I'm not coaching.
 5         You mischaracterized her testimony,
 6         and to the extent that you
 7         mischaracterized her --
 8              MR. ELLIOT:  The record will
 9         make it clear as to whether or not
10         there's a mischaracterization.  I
11         don't believe there was one.
12              MR. GROBMAN:  I know, but I'm
13         entitled to object when there's been
14         a mischaracterization.
15              MR. KITZINGER:  No, you're not.
16              MR. GROBMAN:  Yes.
17              MR. ELLIOT:  You're not
18         entitled to instruct her.  And again,
19         Mark is the one who is supposed to be
20         objecting, not you.
21              MR. GROBMAN:  Go on, please.
22         Let's go.
23    Q    When did you first decide that there
24   was something wrong with the transaction?
25              MR. KAUFMAN:  Objection.
```

```
 1                    TAYLOR

 2      A     I -- when I first thought something

 3  was wrong, honestly, when I saw the amount of

 4  money that was added to the lien amount,

 5  including late fees and attorney fees, that was

 6  my first time that I thought something was

 7  wrong.

 8            And I even looked at Mr. Striar, and

 9  I said I'm in a vulnerable time in my life, but

10  one day I'm going to go over these figures, and

11  I know I'm being overcharged.

12            That was my first inkling, first

13  time.  And then thereafter I got a letter

14  from -- and I read the letter, and I picked up

15  the phone and called them.

16      Q     All right.  When did you have that

17  conversation with Mr. Striar?

18      A     That was during the time when the

19  payoff -- the payoff letter was sent to him, the

20  total with the tax lien and all of that stuff.

21            And I said to him it looks a little

22  bit exorbitant to me.  However, one of these

23  days I'm going to go through the figures with

24  all the payments that I've made, because I have

25  it at home listed on the legal size, everything
```